IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| JOSE LUIS VILLEGAS-MACIAS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 315-068 |
| | ) | |
| STACEY N. STONE, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner, currently incarcerated at McRae Correctional Institution, brought the above-captioned case pursuant to 28 U.S.C. § 2241. Presently before the Court is Petitioner's motion for Rule 11 sanctions, (doc. no. 17), in which Petitioner claims Respondent intentionally failed to serve Petitioner with Respondent's return on order to show cause. (Id.) Petitioner requests the Court sanction Respondent and grant Petitioner thirty days to reply to Respondent's return. (Id.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the motion be **DENIED**.

Federal Rule of Civil Procedure 11 authorizes sanctions when a party files a pleading (1) that has no reasonable factual basis; (2) that is based on a legal theory that has no reasonable chance of success and cannot be advanced as a reasonable argument to change existing law; or (3) in bad faith for an improper purpose. Worldwide Primates, Inc., v. McGreal, 87 F.3d 1252, 1254 (11th Cir. 1996). Rule 11(b) "forbids lying in pleadings,

motions, and other papers filed with the court." Zocaras v. Castro, 465 F.3d 479, 484 (11th Cir. 2006).

Rule 11(c)(2)'s safe harbor provision requires a party moving for sanctions to first serve the motion upon the offending party and wait twenty-one days after the motion is served before filing the motion with the court. Fed. R. Civ. P. 11(c)(2); DeShiro v. Branch, 183 F.R.D. 281, 287 (M.D. Fla. 1998) (describing safe harbor provision of Rule 11). This twenty-one day period "provides the offending party with time to correct the offending paper, claim, defense or contention by either withdrawing or 'appropriately correcting' . . . ." Deshiro, 183 F.R.D. at 287. A failure to abide by the safe harbor provision creates a defective motion subject to court dismissal. Mitchell v. Osceola Farms Co., 408 F.Supp.2d 1275, 1280 (S.D. Fla. 2005); see also Ridder v. City of Springfield, 109 F.3d 288, 299 (6th Cir. 1997) ("[Failure to] comply with the twenty-one day "safe harbor" procedural prerequisite before filing . . . motion for Rule 11 sanctions . . . was improper.").

Here, Petitioner is not entitled to Rule 11 sanctions because Respondent has not committed misconduct. Respondent filed his return on order to show cause on November 23, 2015, and the certificate of service indicates it was mailed to Petitioner that same day. (Doc. no. 11, p. 8.) On January 11, 2016, Petitioner filed a motion for a default judgment, alleging he did not receive a copy of the return. (Doc. no. 12.) Respondent immediately re-served the return the next day. (Doc. no. 13.) Although Petitioner alleges Respondent acted in bad faith by sending a process receipt instead of the return, process receipts are sent from the United States Marshals Service, not the U.S. Attorney's Office. (Doc. no. 18, p. 4.) As the

docket reflects, Respondent has made diligent efforts to ensure Petitioner received a copy of the return, and Respondent is not liable for lost mail.

Significantly, Petitioner has failed to comply with Rule 11(c)(2)'s twenty-one day safe harbor provision, subjecting his motion to dismissal. See Mitchell, 408 F.Supp.2d at 1280. Petitioner sent an advanced copy of the motion for Rule 11 sanctions to Respondent on January 19, 2016, yet filed the motion with the Court on February 5, 2016, just seventeen days later. (Doc. no. 18-1, p. 3.) Petitioner's failure to comply with Rule 11(c)(2)'s safe harbor provision has resulted in a defective motion subject to dismissal.

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the motion be **DENIED.** However, in the abundance of caution, the Court **GRANTS** Petitioner fourteen days to file a response to the return. The Clerk is **DIRECTED** to attach a copy of the return to this Order. (Doc. no. 11.)

SO ORDERED this 23rd day of February, 2016, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA