IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| JOSE LUIS VILLEGAS-MACIAS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CV 315-068 |
| | ) |
| STACEY N. STONE, Warden, | ) |
| | ) |
| Respondent. | ) |

_____

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
_____

Petitioner, an inmate at McRae Correctional Facility, in McRae, Georgia, filed the above-captioned petition pursuant to 28 U.S.C. § 2241 contesting the execution of his sentence of confinement. Having considered all the relevant pleadings, for the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** the petition be **DENIED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

## I. BACKGROUND

On November 16, 2012, state authorities in Gwinnett County, Georgia, arrested Petitioner for trafficking in marijuana. (Doc. no. 1, p. 6; doc. no. 11, p. 2.) Upon dismissal of these state charges on February 4, 2013, state authorities transferred custody of Defendant to federal authorities on February 6, 2013. (Doc. no. 11, Ex. D.) Nearly two years later, United States District Judge Amy Totenberg sentenced Petitioner on January 7, 2015, to a term of imprisonment of forty-three months based on his guilty plea to the charge of

Conspiracy to Possess with Intent to Distribute Marijuana, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(C) and 846. (Id., Ex. A, United States v. Villegas-Macias, 1:14-CR-0334-AT, doc. no. 6 (N.D. Ga. Jan. 8, 2015)).

At sentencing, when Judge Totenberg asked defense counsel for a recommendation concerning how to account for the time in state custody, counsel replied that "the B.O.P. will not count state time even if it's for the same offense. So our preference would be to have you take that into account in the sentence you are giving, as opposed to giving credit." (Id. Ex. H, Sent. Tr., pp. 40-41.) In fashioning Petitioner's sentence, Judge Totenberg acknowledged the advisory guideline sentence was fifty-one to sixty months, but she decided to vary downward to a forty-six month sentence. (Id. at 44-45.) She stated:

> JUDGE: And move it down to a 46-month sentence, and then give the defendants what is roughly -- two and a half months?
>
> COUNSEL: Yes, Your Honor. Well, 82 days.
>
> JUDGE: 82 days. So I will treat that as if it's 90 days and give them a sentence of 43 months.

Id. at 45.

In pronouncing sentence, Judge Totenberg explained:

> Mr. Villegas-Macias . . . [p]ursuant to the sentencing Reform Act of 1984, it is my judgment that you shall be committed to the custody of the Bureau of Prisons, to be imprisoned for a term of 43 months, with credit to be provided for all time served since the date of your federal . . . custody on February 6, 2013. And *I have given you credit for any other time that you have served with the state prison system*.

Id. at 50 (emphasis added).

The Bureau of Prisons ("BOP") prepared a sentencing computation for Petitioner that started his federal sentence on January 7, 2015, and he received prior custody credits from

2

February 7, 2013, the day after he came into federal custody, until January 6, 2015, the day before he was sentenced by Judge Totenberg. (Doc. no. 11, Ex. I, p. 2.) The BOP did not give Petitioner credit for the eighty-two days in state custody from November 16, 2012, through February 6, 2013, because it determined that Judge Totenberg had already done so. (See id.) Indeed, when Petitioner challenged administratively the BOP's decision to deny his request for double credit, the BOP sent a letter to Judge Totenberg explaining its reliance on her prior grant of credit and inviting her to contact the BOP with any questions. (Id., Ex. J.) Judge Totenberg did not respond. (Id.)

## II.     DISCUSSION

The statute governing sentence credits, 18 U.S.C. § 3585, provides as follows:

> (b) Credit for prior custody.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

This code section establishes two principles of sentence crediting. First, to qualify for a credit, the defendant must have served the time as a result of either the offense underlying the sentence or an offense for which the defendant was arrested after commission of the underlying offense. 18 U.S.C § 3585(b)(1)-(2). Petitioner satisfies this requirement because he seeks credit for the time he spent in state custody prior to his release to federal authorities for prosecution of the charge for which he is currently incarcerated.

3

Second, under no circumstances may a defendant receive double credit for time served prior to sentencing. Section 3585 expresses this principle in two ways, first by providing that a defendant shall receive credit for "the time he has spent in official detention prior to the date the sentence commences." Id. A defendant must therefore receive credit equal to, but not more or less than, the time in detention prior to sentencing. Section 3585 also provides that a defendant is ineligible for a credit to the extent time in detention has "been credited against another sentence." Id. In sum, when read together, these components of § 3585 provide that one day in presentence detention equals one day of credit that can be applied only once. Petitioner runs headlong into this core principle of § 3585 by demanding that the BOP credit his detention in state custody from November 16, 2012 until February 6, 2013, even though the sentencing judge already gave him credit on his sentence for his time spent in state custody. (See doc. no. 1, p. 8.)

Citing United States v. Wilson, 503 U.S. 329, (1992), Petitioner argues that the BOP must give him double credit because § 3585 authorizes only the BOP to calculate sentence credits and the sentencing judge had no authority to perform this task at sentencing. (Doc. no. 1, p. 11.) The BOP must therefore ignore the credit granted by the sentencing judge and grant the credit for a second time. Nothing in Wilson suggests this outlandish outcome.

In Wilson, the Supreme Court reviewed a decision in which the Sixth Circuit remanded a case for resentencing because the District Court denied the defendant's request for a sentence credit under § 3585. Wilson, 503 U.S. at 331. The Sixth Circuit held that the District Court should have granted the request and calculated the credit rather than delegating the task to the Attorney General. Id. The Supreme Court reversed, holding that it is the statutory responsibility of the Attorney General to calculate the credit after sentencing

4

instead of the District Court at sentencing. Id. at 337. In so holding, the Supreme Court explained that the original version of § 3585 expressly delegated this task to the Attorney General, but Congress removed this express delegation when it made a host of changes to the statute in 1987. Id. at 332. The Supreme Court interpreted the 1987 version of § 3585 as still authorizing the Attorney General alone to calculate sentence credits, citing two primary bases for its interpretation. Id. at 333-34.

First, the statute's verb tenses indicate that the calculation must occur after the defendant begins his sentence. Id. at 333. Second, as a practical matter, District Courts sometimes lack all information needed to perform the calculation at the time of sentencing, and the Attorney General "has no choice but to make the determination as an administrative matter." Id. at 333-34. This practical consideration was particularly important in Wilson because the defendant had been charged in state and federal court, and the defendant's federal sentence did not begin until he was sentenced in state court. Id. at 334. Thus, at the time of federal sentencing, the district court could not possibly know the total amount of credit to which the defendant would be entitled. Id.

A multitude of cases citing Wilson are straightforward applications of its holding. Rather than considering a defendant's complaint that the sentencing judge erred by granting the credit at sentencing, these cases concern a defendant's complaint that the sentencing judge erred by not granting the credit at sentencing. Courts deny these demands because of the Supreme Court's holding in Wilson that the Attorney General, acting through the BOP, performs the calculation after sentencing.[1] The issue at hand, unresolved by Wilson, is

---

[1] See, e.g., United States v. Anderson, 517 F. App'x 772, 775-76 (11th Cir. 2013) (affirming on direct appeal a sentencing court's refusal to grant credit for presentence detention);

5

whether the BOP errs when it acknowledges a sentencing judge's grant of a sentence credit, correctly calculated (in this case, exceeding the time in state custody), and rejects a prisoner's request to credit the same time again because doing so would violate the double credit prohibition in § 3585. There are two compelling reasons why the BOP does not err in so doing.

First, defendants like Petitioner elevate statutory form far over substance by demanding double credit based solely on the technicality that the BOP should have granted the credit after sentencing rather than the sentencing judge during sentencing. While § 3585 does delegate this administrative duty to the BOP, a technical violation of this delegation does not justify violating the statute's core principle of prohibiting double credit. Indeed, Petitioner's request would not erase the technical violation but, instead, would exacerbate the problem by adding an egregious violation of a core § 3585 principle.

Second, and just as importantly, the BOP has not abandoned its administrative duty under § 3585 to determine whether and to what extent Petitioner is entitled to a credit. On the contrary, the BOP determined that (1) the sentencing judge accounted for and applied credit for Petitioner's pretrial detention in state custody; and (2) it could not award Petitioner an additional credit for the same period of detention because of the statutory double credit prohibition. (See doc. no. 11, Ex. I.) This determination by the BOP is correct, and certainly well within reason under the deferential standard that applies to its interpretation and application of § 3585. See Alabama Power Co. v. F.E.R.C., 22 F.3d 270, 272 (11th Cir.

---

United States v. Preister, 423 F. App'x 307, 308 (4th Cir. 2011) (same); United States v. Checchini, 967 F.2d 348, 350 (9th Cir. 1992) (same).

1994) (holding that courts must defer to agency's construction so long as it is reasonable when Congress has not spoken to the precise issue presented).

Significantly, this Court addressed this precise issue in codefendant Raul Miramontes's 28 U.S.C. § 2241 petition. Miramontes v. Stone, No. CV 315-061, 2015 WL 9916716, at *4 (S.D. Ga. Nov. 20, 2015).[2] This Court held, "the BOP correctly disallows credit for time served in pretrial detention when the sentencing judge has already granted credit for the same time at sentencing." See id. (citing Sierra v. Owen, CV 812-00830, 2012 WL 5430945, at *5 (D.S.C. Oct. 16, 2012), *report and recommendation adopted*, CV 812-00830, 2012 WL 5430445 (D.S.C. Nov. 7, 2012)).

Petitioner cites as persuasive authority the Third Circuit's recent decision in Mehta v. Wigen, 597 F. App'x 676 (3d Cir. 2015), contending that it is analogous and persuasive. The Court has carefully reviewed this decision and determined that it is, instead, a study in contrast that required a different outcome. The petitioner, Sandeep Mehta, failed to report for service of a federal sentence and remained at large for four years until his arrest in England. Id. at 677. Upon extradition, Mehta pled guilty to criminal contempt for his failure to report. Id. Knowing that Mehta was statutorily entitled to credit from the BOP for his time in English pretrial detention, but firmly believing that Mehta deserved no such credit, the sentencing court contemplated at sentencing ways to defeat the credit. Id. at 678.

---

[2]This Court has also reached the same result recently in two analogous cases. See Gonzalez-Arsayuz v. Stone, No. CV 314-099, doc. no. 10, *report and recommendation adopted*, doc. no. 14 (S.D. Ga. Jan. 13, 2015) (Bowen, J.), *appeal dismissed*, No. 15-10294 (11th Cir. Aug. 3, 2015); Galvis-Pena v. Stone, CV 314-083, doc. no. 13, *report and recommendation adopted*, doc. no. 17 (S.D. Ga. Jan. 13, 2015) (Bowen, J.), *appeal docketed*, No. 15-10290 (11th Cir. Jan. 22, 2015).

Initially, the sentencing court considered departing from the guideline range by doubling the sentence to offset the credit to be awarded by the BOP. Id. Ultimately, however, the sentencing court sentenced the petitioner within the guideline range and stated as follows in its judgment of sentence: "In setting this sentence, the court believes that the BOP will NOT award credit for the time the defendant spent in custody in England . . . before extradition. Otherwise, the sentence would have been greater." Id. By choosing this option, the sentencing court avoided a sentence above the guideline range and any appeal of same. Id. at 680 n.2. The strategy proved effective, as the BOP acted in accordance with the instruction and did not grant the credit to Mehta. Id. at 678. In the context of the subsequent habeas petition, the Third Circuit held that, because the sentencing court "never had the authority to compute credit in the first place," the BOP "could not rely on the court's position that Mehta should not benefit from the credit as the basis for its denial." Id. at 679.

The case *sub judice* is nothing like Mehta. Here, pursuant to Petitioner's own request, the sentencing court gave full credit for the time spent in pretrial detention, in compliance with the mandate of § 3585(b). While the sentencing court should have satisfied the procedural requirement of § 3585 by allowing the BOP to calculate the credit, this procedural error does not, as explained above, justify granting double credit in substantive violation of § 3585.

Finally, even if the Court were to accept Petitioner's argument that Judge Totenberg erred in awarding prior custody credit at sentencing, such error would not provide Petitioner with any grounds for relief because Petitioner invited the error. See, e.g., United States v. Haynes, 764 F.3d 1304, 1309 (11th Cir. 2014) ("It is a cardinal rule of appellate review that a party may not challenge as error a ruling or other trial proceeding invited by that party.");

8

United States v. Brannan, 562 F.3d 1300, 1306 (11th Cir. 2009) (ruling that a party who invites a trial court to err "cannot later cry foul on appeal."); United States v. Wiwo, 481 F. App'x 478, 479 (11th Cir. 2012) (applying invited error rule to § 2255 motion). Indeed, the parties discussed and agreed at sentencing that Judge Totenberg would reduce Petitioner's sentence from forty-six months to forty-three months to account for his time in state custody rather than waiting for the BOP to do so. (Sent. Tr., pp. 32-33, 41, 44-45, 47.)

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the petition be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 15th day of March, 2016, at Augusta, Georgia.

_/s/ Brian K. Epps_
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA